UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD TUCKER,<br><br>    Plaintiff,<br><br>v.<br><br>USAA SAVINGS BANK and ALLTRAN FINANCIAL, LP.,<br><br>    Defendants. | Case No.:   1:19-cv-213<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>  1.  **TCPA, 47 U.S.C. § 227;**<br><br>  2.  **Fair Debt Collection Practices Act, 15 U.S.C. § 1692** *et seq.;* **and**<br><br>  3.  **Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Richard Tucker ("Plaintiff"), through his attorneys, alleges the following against USAA Savings Bank ("USAA") and Alltran Financial, LP ("Alltran"); collectively referred to as ("Defendants"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive debt collection practices against consumers.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the Cook County, State of Illinois.

8. Defendant USAA is a creditor engaged in the business of giving consumer loans with its principal place of business located in San Antonio, Texas.

9. Defendant Alltran is a financial institution with its principal place of business located in Houston, Texas.

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. In or around April of 2018, Defendant USAA began placing calls to Plaintiff on his cellular phone number (773) 272-1026, in an attempt to collect an alleged debt.

12. The calls placed by Defendant mainly originated from (800) 531-0378.

13. On or about April 28, 2018, at 1:23 p.m., Plaintiff answered a collection call from Defendant USAA; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (800) 531-0378.

14. Defendant informed Plaintiff that it was attempting to collect a debt relating to his USAA account.

15. Plaintiff advised the representative that he was unemployed and did not have the financial means to pay. Thereafter, Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant USAA continued to call Plaintiff.

16. Between April 28, 2018 and June 30, 2018, Defendant called Plaintiff no less than one hundred and thirty-five (135) times.

17. Upon information and belief, Defendant USAA placed Plaintiff's account in collections and transferred the account to Defendant Alltran.
18. At the time of the transfer, Plaintiff already revoked consent to be contacted with Defendant USAA and Defendant Alltran never independently had consent to contact Plaintiff.
19. On or about July 12, 2018, at 1:50 p.m., Plaintiff answered a collection call from Defendant Alltran; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (773) 531-0378.
20. Defendant informed Plaintiff that it was attempting to collect a debt relating to his USAA account.
21. Plaintiff advised the representative that he was unemployed and did not have the financial means to pay. Plaintiff explained that he already asked Defendant USAA not to call. Thereafter, Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant Alltran continued to call Plaintiff.
22. Between April July 12, 2018 and August 6, 2018, Defendant called Plaintiff no less than twenty-nine (29) times.
23. Defendants called Plaintiff between one (1) and three (3) times a day.

24. Many times, when Plaintiff answered calls from Defendants, there was a pre-recorded message or no person on the phone.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**(Defendant USAA and Alltran's Violations of the TCPA, 47 U.S.C. § 227)**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic

telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

28. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## <u>COUNT II</u>
### (Defendant Alltran's Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)

29. Plaintiff incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.

30. Defendant Alltran violated provisions of the FDCPA, including but not limited to, the following:

   a. Defendant violated §1692d(5) by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

   b. Defendant violated §1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

31. As a result of the above violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages of up to $1,000 and attorney's fees and costs.

## COUNT III
**(Defendant USAA and Alltran's Invasion of Privacy)**
**(Intrusion upon Seclusion)**

32. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

33. Defendants violated Plaintiff's privacy. Defendants' violations include, but are not limited to, the following:

   a. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   c. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Richard Tucker, respectfully requests judgment be entered against Defendant for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 47 U.S.C. § 227(b)(3)(B);

C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

E. Actual and punitive damages resulting from the invasion of privacy;

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

//

//

//

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

PRICE LAW GROUP, APC

Date: January 11, 2019            By: /s/David Chami
David Chami
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 401-1457
E: david@pricelawgroup.com